UNITED STATES DISTRICT COURT
DISTRICT OF MASSACUSETTS

Civil Action No.

| | |
|---|---|
| JOSEPH S. KOHEN, | ) |
| Plaintiff | ) |
| v. | ) |
| LENOX CORPORATION, | ) |
| Defendant | ) |

## COMPLAINT AND JURY DEMAND

### Introduction

1. This is an action for misclassification and resulting wage violations brought by Plaintiff Joseph S. Kohen. Mr. Kohen provided full-time services to Lenox for close to ten years. Lenox classified Mr. Kohen as an independent contractor, but he was an employee pursuant to M.G.L. c. 149, § 148B, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and common law. Mr. Kohen seeks resulting damages, interest, costs, and attorneys' fees.

### Parties

2. Plaintiff Joseph S. Kohen is an adult resident of Natick, Massachusetts. He provided full-time services to Lenox in Massachusetts from November 2009 to May 2019.

3. Defendant Lenox Corporation is a foreign corporation that does business throughout the United States, including Massachusetts.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Defendant conducts business in this District and is therefore subject to personal jurisdiction in this District.

7. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391, because Defendant is subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

**Facts**

8. Lenox describes itself as "a market leader in quality tabletop, giftware and collectibles." (See https://www.lenox.com/about-us, accessed Oct. 2, 2019). As the website notes, the company's "innovative ideas and creative new products rely on masterful execution to deliver high-quality products and services into the marketplace on time and at competitive prices."

9. In the careers section of its website, Lenox describes its business as follows:

> Come work with us! For over 130 years, we've been the leading authority on beautiful, artful and quality items for your table, bar or kitchen (not to mention a trusted resource for gifts of every kind!) We source globally and produce in the best facilities in the world, including our own cherished factory in Kinston, North Carolina. We make enduring products that last a lifetime—and believe this represents true sustainability.
>
> In addition to our own brand, we collaborate with top designers in the worlds of interiors, architecture and fashion to bring you fresh and relevant options that fit in seamlessly with the way you live now. In addition to our eponymous brand, our

other collections include Dansk, Reed & Barton, kate spade new york, Marchesa by Lenox, Luca Andrisani, Brian Gluckstein by Lenox, the Thomas O'Brien Collection and more. (See https://www.lenox.com/pages/work-with-us, accessed on December 2, 2019).

10. The website also has a link to a "Lenox Corporation B2B Portal." (See https://b2b.lenox.com, accessed on December 2, 2019).

11. At relevant times, Lenox has or had various departments or divisions, such as Retail, International, Government, Hospitality, Housewares, and Special Markets. Each of those departments or divisions is or was supported by administrative or operational functions, such as human resources, design, purchasing, information technology, accounting, and others.

12. As made clear from its website and business activities, its business encompasses the design, marketing, and selling of various products, both to individuals, organizations, and through business-to-business relationships.

13. During his close to 10 years of full-time work for Lenox, Mr. Kohen focused on marketing and sales, reporting to Lenox employees. He first worked in the Housewares Division, then in the Hospitality Division, and finally in the Special Markets Division, where he reported to Bob Lupica, a Lenox employee. In the last three years of his work for Lenox, Mr. Kohen was in regular contact with Mr. Lupica, usually on a daily basis. Likewise, Mr. Kohen had regular communications with numerous other Lenox employees at various times and across various functions, including, among others, Ira Goldberg, Kimberly Robbins, Sherri Crisenbery, Joe Gilson, Holly Newme, Jim Mylonas, Vinny Gallo, Pam Logiovino, Paula Burke, Ronaldo Stewart, Amanda Conseur, Alvin Fisher, and Andrew Dawson.

14. In the course of his work for Lenox, Mr. Kohen established the sales agent network throughout the United States and Canada, hiring and managing a large group of sales agents. He created sales and marketing processes for the company, and he developed policies for

the Hospitality and Special Markets divisions. Through his efforts, the company established or grew about 175 new accounts across the country.

15. Mr. Kohen used a Lenox business card (with Lenox's knowledge and consent) and was issued a Lenox email address, Joe_Kohen@Lenox.com. Mr. Kohen also was issued a personal Lenox badge.

16. On information and belief, when Mr. Kohen left Lenox in May 2019, he was replaced by a Lenox employee, Nanno Gutierrez. Mr. Gutierrez now holds the title of Director of Corporate Gifts and Travel Retail.

17. On multiple occasions, including within the last three years of his work for Lenox, Mr. Kohen requested to be classified as an employee, but Lenox never agreed to do so.

18. By virtue of his classification as a contractor, Mr. Kohen did not receive the value of benefits offered by Lenox to its employees.

19. Mr. Kohen was not paid on a salary basis. Although he regularly worked more than 40 hours per week for Lenox, he did not receive any overtime pay.

20. Mr. Kohen was not free from control and direction in connection with the performance of his services for Lenox. On the contrary, he reported to and was subject to control and direction by Lenox employees.

21. The services that Mr. Kohen provided to Lenox were not outside the usual course of the business of Lenox. On the contrary, they were provided on a regular, continuous, or usual basis, as demonstrated by the length and full-time nature of his tenure, among other ways.

22. Mr. Kohen was not customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the services performed

for Lenox. Indeed, at all times relevant to this complaint, Mr. Kohen worked exclusively for Lenox, and he had no time to provide services of the same nature to any other entity.

23. Mr. Kohen did not have any opportunity for profit or loss depending on his management skills. Instead, he was paid a fixed rate for his services, regardless of his level of success.

24. Notwithstanding his classification as independent contractor by Lenox, Mr. Kohen should have been classified as an employee of Lenox pursuant to, among other things, M.G.L. c. 149, § 148B, the FLSA, and common law.

25. As a result of his misclassification, Mr. Kohen was deprived of the protections, privileges, and benefits of employment by Lenox.

26. Mr. Kohen filed a complaint with the Massachusetts Attorney General's Office and received permission to pursue a private right of action.

27. Plaintiff has consented to bring this action pursuant to 29 U.S.C. § 216(b). A copy of his written consent is attached as Exhibit 1.

## COUNT I
## VIOLATION OF MASSACHUSETTS
## INDEPENDENT CONTRACTOR LAW

Plaintiff incorporates the above paragraphs. By misclassifying the Plaintiff, the Defendant violated M.G.L. c. 149, § 148B, resulting in harm to him, including a loss of the value of wages and benefits to which he would have been entitled if he had been properly classified as an employee. This claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT II
## VIOLATIONS OF MASSACHUSETTS WAGE LAW

Plaintiff incorporates the above paragraphs. The Defendant violated M.G.L. c. 149, § 148, by, among other things, failing to pay all wages to which the Plaintiff would have been

entitled if he had been properly classified as an employee. This claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT III
## VIOLATION OF MASSACHUSETTS OVERTIME LAW

Plaintiff incorporates the above paragraphs. The Defendant violated M.G.L. c. 151, § 1A, by, among other things, failing to pay all overtime wages to which the Plaintiff would have been entitled if he had been properly classified as an employee. This claim is brought pursuant to M.G.L. c. 151, § 1B.

## COUNT IV
## FAILURE TO PAY OVERTIME – FLSA

As set forth above, Defendant's knowing and willful failure to pay overtime wages violates the overtime provisions of 29 U.S.C. § 207(a). This claim is asserted pursuant to 29 U.S.C. § 216.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims.

**WHEREFORE,** Plaintiff seeks judgment against the Defendant as follows:

1. All damages to which the Plaintiff is entitled under Massachusetts and federal law;

2. Statutory trebling of damages, pursuant to M.G.L. c. 149, § 150 and M.G.L. c. 151, § 1B, and liquidated damages under the FLSA;

3. With respect to the FLSA overtime claim, a finding that Defendant's violations were willful and knowing, and therefore subject to a three-year statute of limitations;

4. Attorney fees, costs, and pre- and post-judgment interest as allowed by law; and

5. Such other and further relief as the Court may deem proper and just.

JOSEPH S. KOHEN,

By his attorneys,

/s/ *Stephen Churchill*
Stephen Churchill, BBO#564158
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
617-607-3260
steve@fairworklaw.com

Dated: December 5, 2019